IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-204-BO

| | |
|---|---|
| CHRISTOPHER CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 17, 20]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held at Elizabeth City, North Carolina on November 20, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 20] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for disability insurance benefits and supplemental security income. After initial denials, plaintiff received a hearing in front of an Administrative Law Judge (ALJ) on December 18, 2017, who issued an unfavorable ruling. This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ erred both by failing to directly address Listing 4.10 and by failing to find that plaintiff met Listing 4.10 with respect to his aneurysm. Despite treatment in September 2016, the aneurysm continued to grow over the following year. Listing 4.10 is met when an individual suffers from an aortic aneurysm demonstrated by medically appropriate imaging with dissection not controlled by prescribed treatment. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x I § 4.10. A dissection is not controlled by prescribed treatment when the individual suffers from chest pain due to progression of the dissection, an increase in the size of the aneurysm or compression of one or more branches of the aorta supplying the organs. *See id.* at § 4.00H6.

The ALJ did not directly address or analyze Listing 4.10. Tr. 16. Instead, the ALJ just referenced Listing Section 4.00 generally, without any analysis. This was reversible error. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). The ALJ also committed reversible error by failing to find that plaintiff met the Listing. Even with treatment, plaintiff continued to suffer from the aneurysm, which actually increased in size between September 2016 and September 2017. The evidence shows that plaintiff meets Listing 4.10.

3

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the record before this Court properly supports a finding that plaintiff meets Listing 4.10.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court concludes that reversal is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 20] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this ___/2__ day of January, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE